# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Victor Allen Holman,
    Petitioner

    vs.                     Case No. 1:06cv208
                                  (Barrett, J.; Hogan, M.J.)

State of Ohio,
    Respondent

## REPORT AND RECOMMENDATION

Petitioner, who apparently was incarcerated at the Butler County Jail in Hamilton Ohio, when the instant action commenced, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 3). This matter is before the Court on respondent's "Answer/Return Of Writ" (Doc. 10) and motion to dismiss (Doc. 11), which were both filed on July 31, 2006.[2]

### Procedural Background

It appears from the face of the petition that petitioner is challenging his misdemeanor convictions and sentences in the following cases before the Butler County Area III Court located in West Chester, Ohio (*see* Doc. 3, p. 2):

1. <u>Case No. TRC 0501142</u>: On September 27, 2005, petitioner was

---

[1]On May 18, 2006, petitioner notified the Court of a change in his address, which reflects that he is no longer incarcerated and is residing in Cincinnati, Ohio.

[2]To date, petitioner has neither responded to the return of writ nor filed a memorandum opposing the motion to dismiss.

found guilty on the misdemeanor charges of operating a vehicle while under the influence of alcohol ("OMVI") in violation of Ohio Rev. Code § 4511.19(A)(1)(a), and upon entry of a no contest plea, of driving under financial responsibility supervision in violation of Ohio Rev. Code § 4510.16. (Doc. 10, Exs. 8-9). In Entries dated September 27, 2005, petitioner was sentenced to consecutive 180-day terms of imprisonment on the two charges, although petitioner was credited with 3 days for time served on the OMVI charge and the remaining 177 days of that sentence were suspended. (*See id.*, Exs. 8-10).

2. <u>Case Nos. CRB 0500946 and CRB 0500947</u>: On October 4, 2005, petitioner was found guilty on two charges of misdemeanor assault in violation of Ohio Rev. Code § 2903.13. (*Id.,* Exs. 4-5). In Entries dated October 4, 2005, petitioner was sentenced to consecutive 30-day jail terms for the assault offenses, with 20 days suspended on those sentences, to be served consecutively to the sentence imposed in Case No. TRC 0501142. (*See id.,* Exs. 4-7).

It appears from the record that on April 18, 2006, the Butler County Sheriff's Office released petitioner from confinement after fully serving his sentences in the challenged cases, to Hamilton County, Ohio, on a "holder from Hamilton County Juvenile Court." (*See id.,* Ex. 11). It further appears from the record that petitioner did not seek a stay of execution of his sentences in the challenged Butler County criminal cases pending appeal in the state courts; nor did he otherwise seek to appeal or collaterally challenge his convictions or sentences in the state courts before fully serving his misdemeanor sentences, totaling eight (8) months in the Butler County Jail. (*See* Docs. 10, 11).

In a petition signed on April 6, 2006 and filed with this Court on April 14, 2006, petitioner seeks to challenge his Butler County convictions and sentences. The petition and supporting memorandum are rambling, and it is difficult to ascertain the substance of petitioner's grounds for relief. (*See* Doc. 3). However, it appears petitioner is claiming in Ground One of the petition that his convictions were based on "fraudulent charges" and that he was maliciously prosecuted before a judge who also engaged in misconduct. (*Id.,* p. 6). In Ground Two, he alleges a claim based on the suppression or non-suppression of transcripts of all his court proceedings. (*Id.,* p. 7). In Ground Three, he alleges a claim stemming from a request for "bill of particulars." (*Id.,* p. 9). In Ground Four, it appears that petitioner is raising a claim

stemming from a decision by the United States Court of Appeals for the Sixth Circuit issued March 2, 2006, wherein he was ordered to file a habeas petition challenging the constitutionality of the state trial proceedings. (*Id.,* p. 11).

In response to the petition, respondent has filed a return of writ (Doc. 10) and motion to dismiss the petition with prejudice (Doc. 11). In the motion to dismiss, respondent argues in part that petitioner has waived his claims for relief because he failed to present them to the state courts and there are no longer any remedies available for petitioner to pursue in the state courts. (*See* Doc. 11, pp. 3-4).[3]

## OPINION

The resolution of the issue presented in respondent's motion to dismiss requires an understanding of the principles of exhaustion and waiver in habeas corpus cases, which although overlapping to some degree, are separate and distinct concepts leading to either dismissal of the case without prejudice (or an administrative stay of the case) when exhaustion principles are applied or the denial of unexhausted claims with prejudice when waiver principles are invoked.

The waiver and exhaustion principles are premised on the same underlying rationale. In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,*

---

[3]It is noted that petitioner's fourth ground for relief concerning a Sixth Circuit decision is not subject to review by the state courts, and thus could not have been presented as a claim to the state courts. However, such claim also is not subject to review by this lower court, which lacks jurisdiction to consider any claim of error occurring in a matter before the Sixth Circuit.

474 U.S. 831 (1985).

Although premised on the same concerns, the waiver and exhaustion doctrines are distinguishable in that they are applied in distinctly different situations. If the petitioner fails to fairly present his claims through the state courts, but still has an avenue open to him in the state courts by which he may present the claims, his petition may be dismissed without prejudice, or administratively stayed, pending his exhaustion of the available state remedy. *See* 28 U.S.C. § 2254(c); *see also Duncan v. Walker,* 533 U.S. 167, 182-84 (2001) (Stevens, J., concurring); *Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *cf. Rhines v. Weber,* 544 U.S. 269, 276-77 (2005). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987).

On the other hand, if petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court or commits some other procedural default relied on to preclude review of the merits of his claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that petitioner has waived his claims for habeas corpus relief. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, as respondent has pointed out in the motion to dismiss, it appears from the record that petitioner did not bring any action in the state courts challenging

4

the misdemeanor convictions or sentences attacked in the instant federal habeas action, or that petitioner even filed a motion for stay of execution of his sentences in order to pursue an appeal in the state courts.

Given that petitioner never pursued a direct appeal in the state courts, an argument can be made that the case poses an exhaustion as opposed to a waiver issue because the remedy of a delayed appeal to the Ohio Court of Appeals pursuant to Ohio R. App. P. 5(A) remains available for petitioner to challenge his convictions or sentences. *See* Ohio R. App. P. 5(A); *see also Collins v. Perini,* 448 F. Supp. 1006, 1008-09 (N.D. Ohio 1978) (and cases cited therein), *aff'd,* 594 F.2d 592 (6th Cir. 1979). However, under the circumstances presented here, the Court concludes that it would be futile to require petitioner to return to the state courts to pursue the delayed appeal remedy.

It appears clear from the record that petitioner has fully served his misdemeanor sentences and has been released from the custody of the Butler County Sheriff's Office. (*See* Doc. 10, Ex. 11). Therefore, at this juncture, any motion for delayed appeal by petitioner to the Ohio Court of Appeals challenging his Butler County convictions or sentences would be denied as moot. It is well-settled in Ohio that an appeal will be dismissed as moot in cases where a person convicted of a misdemeanor offense has, by not seeking a stay of execution of sentence, voluntarily served his sentence and has not shown he would suffer some specific collateral disability or loss of civil rights as a result of his conviction. *See, e.g., State v. Lewis,* No. 23116, 2006 WL 2959516, at *3 (Ohio Ct. App. 9 Dist. Oct. 18, 2006) (unpublished) (citing *State v. Berndt,* 504 N.E.2d 712, 713 (Ohio 1987), in turn quoting *State v. Wilson,* 325 N.E.2d 236, syllabus (Ohio), *cert. denied,* 423 U.S. 936 (1975)).[4] *Contrast State v.*

---

[4]*See also State v. McGrath,* No. 85046, 2005 WL 2046419, at *2 (Ohio Ct. App. 8 Dist. Aug. 25, 2005) (unpublished), *appeal dismissed,* 842 N.E.2d 63 (Ohio 2006); *State v. Coon,* No. 04CA5, 2005 WL 983145, at *3 (Ohio Ct. App. 4 Dist. Apr. 25, 2005) (unpublished); *City of Dayton v. Huber,* No. 20425, 2004 WL 3561217, at *1-2 (Ohio Ct. App. 2 Dist. Dec. 17, 2004) (unpublished); *City of Lakewood v. Dowling,* Nos. 63273, 63176, 62889, 1993 WL 227063, at *2 (Ohio Ct. App. 8 Dist. June 24, 1993) (unpublished), *appeal dismissed,* 624 N.E.2d 194 (Ohio 1993); *cf. Berndt,* 504 N.E.2d at 713 (rejecting argument that the defendant suffered a collateral disability as a result of his misdemeanor OMVI conviction to the extent his penalty would be enhanced in the event he were to be convicted again of the same offense).

*Golston,* 643 N.E.2d 109 (Ohio 1994) (involving appeal from felony conviction, which was not rendered moot by the defendant's completion of his sentence during the pendency of his appeal).

Because it thus would be futile to require petitioner to return to the state courts to exhaust the remedy of a delayed appeal to challenge his Butler County misdemeanor convictions, petitioner's claims for relief should be deemed waived absent a showing of cause and prejudice or that a "fundamental miscarriage of justice" will occur if such claims are not considered herein. *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Engle,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

Petitioner has not shown "cause" for his procedural default in the state courts. He also has not demonstrated a fundamental miscarriage of justice will occur if his claims are not considered, or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).

Accordingly, in sum, the Court concludes that the petition is subject to dismissal with prejudice on waiver grounds in the absence of an available state-court remedy, which would not be futile for petitioner to pursue at this late juncture. Therefore, it is RECOMMENDED that respondent's motion to dismiss (Doc. 11) be GRANTED, and petitioner's petition for writ of habeas corpus (Doc. 3) be DISMISSED with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 11) be GRANTED, and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be DISMISSED with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's claims for relief, which this Court has concluded are waived and thus procedurally barred from review, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural rulings" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85

(2000).[5]

      3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 12/11/2006               s/Timothy S. Hogan

          cbc                             Timothy S. Hogan
                                       United States Magistrate Judge

J:\BRYANCC\2006 habeas orders\06-208mtd-grant.waiv-moot-ServedMisdemSentence.wpd

---

[5]Because this Court has determined that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

Victor Allen Holman,
       Petitioner,

                                          Case No. 1:06cv208

        v.                               (Barrett, J.; Hogan, M.J.)

State of Ohio,
         Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

1:06 cv 208    Doc. 12

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☐ Agent  ☐ Addressee<br>B. Received by ( *Printed Name*)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Victor Allen Holman<br>5607 Madison Rd. #207<br>Cinti, OH 45227 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
|  | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7002 0860 0006 5230 5387 |

PS Form 3811, August 2001        Domestic Return Receipt        102595-02-M-0835